```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
YANICE IDIR,

                     Plaintiff,            19-cv-6251 (JGK)

        - against -                        MEMORANDUM OPINION AND
                                           ORDER
LA CALLE TV, LLC,
                     Defendant.
───────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

On July 8, 2019, the plaintiff, Yanice Idir, brought this copyright infringement action against the defendant, La Calle TV, LLC, alleging that the defendant used the plaintiff's copyrighted photograph without permission. ECF No. 1. On September 26, 2019, the Clerk of the Court entered a default against the defendant after the defendant failed to respond to the complaint. ECF No. 10. The plaintiff then moved by order to show cause for a default judgment against the defendant, and the defendant failed to respond to that Order. ECF No. 22. For the following reasons, the plaintiff's motion is **granted** and the Court enters judgment as to the defendant's liability and as to damages.

**I.**

On July 8, 2019, the plaintiff, a professional photographer, filed a complaint alleging that the defendant ran an article on its Spanish-language website, titled "Black Friday": claves para comprar con descuentos, that featured one

1

of the plaintiff's copyrighted photographs without a license or the permission or consent of the plaintiff. Compl. ¶¶ 7-11. The plaintiff alleges that the photograph was registered with the United States Copyright Office under registration number VA 2-131-058.[1] Id. at ¶ 9. The plaintiff alleged that the defendant's behavior constituted an infringement of the plaintiff's copyright in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.

## II.

"Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgmant against a party who fails to defend: the entry of a default, and the entry of a default judgment." Bass v. Diversity Inc. Media, No. 19-cv-2261, 2020 WL 2765093, at *1 (S.D.N.Y. May 28, 2020). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Under Rule 55(a), the Clerk of the court is empowered to enter a default against a party that has not appeared. See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). The Clerk has entered such a default against the

---

[1] A search of the online Public Catalog of the United States Copyright Office confirms this. See United States Copyright Office Public Catalog, United States Copyright Office, https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First (follow instructions for "Registration Number" search type and enter "VA0002131058" in search field).

2

defendant in this case. "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis Pawn Shop, 645 F.3d at 128. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A.

In determining whether to grant a motion for default judgment, courts first look to three factors: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Intrepidus, LLC v. Bivins, No. 15-cv-7721, 2017 WL 1608896, at *3 (S.D.N.Y. Apr. 28, 2017) (citations omitted).

All three factors favor the entry of a default judgment. The defendant's failure to respond to the complaint and to the motion for a default judgment indicate willful conduct. The Court is unaware of any meritorious defense, and the plaintiff will be prejudiced without the entry of a default judgment because the plaintiff will have no recourse if the plaintiff is denied the ability to obtain a default judgment.

**B.**

In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true. See Mickalis Pawn Shop, 645 F.3d at 137; Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [the defendant's] default, a court is required to accept all . . . factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor.").

With respect to damages, the plaintiff bears the burden of establishing its entitlement to the amount sought. See Trs. of Local 813 Ins. Tr. Fund v. Rogan Bros. Sanitation Inc., 2018 WL 1587058, at *5 (S.D.N.Y. Mar. 28, 2018). In the case of a default where the defendant has never appeared, "a court may base its determination of damages solely on the plaintiff's submissions." Id. (citing Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). While the Court must "take the necessary steps to establish damages with reasonable certainty," Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997), the Court need not hold a hearing "as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment," Fustok, 873 F.2d at 40. In this case, a hearing is unnecessary because the plaintiff's submissions have not been contested and they provide

4

all the information necessary to determine the plaintiff's damages. Moreover, no party in this case has requested a hearing on damages.

The plaintiff's factual allegations establish that La Calle TV, LLC is liable for copyright infringement. "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). "A certificate of registration is prima facie evidence that a copyright is valid." Small Bus. Bodyguard Inc. v. House of Moxie, Inc., 230 F. Supp. 3d 290, 303 (S.D.N.Y. 2017).

In this case, the plaintiff has alleged adequately a copyright claim. The plaintiff has a valid copyright for the photograph and alleges that the defendant used the photograph on the defendant's website without authorization. The plaintiff is thus entitled to a default judgment on the claim for copyright infringement under the Copyright Act.

### III.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015)

(per curiam) (alteration and internal quotation marks omitted). In this case, the plaintiff seeks $30,000 in statutory damages for the copyright infringement claim, in addition to $2975 in attorney's fees, $440 in costs, and postjudgment interest calculated pursuant to 28 U.S.C. § 1961. ECF No. 21.

**A.**

"Under the Copyright Act, an infringer is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer or (2) statutory damages." See Cengage Learning, Inc. v. Bhargava, No. 14-cv-3174, 2017 WL 9802833, at *3 (S.D.N.Y. Aug. 22, 2017), report and recommendation adopted sub nom. Cengage Learning, Inc. v. Globonline SDN, 2018 WL 1989574 (S.D.N.Y. Apr. 25, 2018). The Copyright Act allows the copyright owner to collect statutory damages from liable infringers "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Moreover, the Act provides that the Court in its discretion may increase the award of statutory damages to no more than $150,000 "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully." Id. § 504(c)(2). In this case, "the Court may infer from the fact of [the] Defendant's default that it acted as a willful infringer." Philpot v. Music Times LLC, No. 16-cv-1277, 2017 WL 9538900, at

6

*7 (S.D.N.Y. Mar. 29, 2017), report and recommendation adopted, 2017 WL 1906902 (S.D.N.Y. May 9, 2017).

"When determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).

In this case, the only factors for which the plaintiff has provided any information are the first, fourth, fifth, and sixth factors. After considering these factors, the Court concludes that statutory damages of $2,500 are warranted.

First, the Court credits the plaintiff's contention that the defendant operates in the publishing industry and is presumed to have knowledge of copyright law, supporting a finding that the plaintiff acted willfully. See Dermansky v. Tel. Media, LLC, No. 19-cv-1149, 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020). However, "in other cases where plaintiffs have received maximum or substantial statutory damages for violation of the Copyright Act, there is additional evidence of willfulness and allegations of actual awareness on

7

the part of the defendants of their infringing activity; there is usually at least one cease-and-desist letter sent to the defendant, and, frequently, requests for injunctive relief." Id. (collecting cases). In this case, the plaintiff has provided no evidence of any cease-and-desist letter and has not made any request for injunctive relief, and therefore the defendant's state of mind is established only through the defendant's default itself and through the defendant's place in the publishing industry. The first factor supports an award of some statutory damages based on the defendant's default and industry experience, but not the full amount because there is no additional evidence of a cease-and-desist letter or similar pre-litigation activity by the plaintiff.

With respect to the fourth factor, the plaintiff seeks statutory damages as a deterrent to willful infringers, which weighs in favor of a higher award. The defendant, by virtue of defaulting, has also not cooperated in providing evidence concerning the value of the infringing material, which weighs in favor of a heightened award under the fifth factor. Finally, as the plaintiff contends, the defendant's operation in the publishing industry supports a finding that it acted willfully in using the copyrighted photograph.

Notwithstanding the above findings, the plaintiff provides no evidence with respect to the second and third factors. See

Mantel v. Smash.com Inc., No. 19-cv-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) ("Statutory damages need not be directly correlated to actual damages, but they ought to bear 'some relation to actual damages suffered.'"). More specifically, the plaintiff declines to provide any evidence regarding lost licensing fees or revenue. Liebowitz Decl. ¶ 17. Thus, "there is no evidence of any actual harm." Dermansky, 2020 WL 1233943, at *6.

In similar cases within the Second Circuit where the defendant has defaulted on a copyright infringement claim related to the use of one or many photographs on the defendant's website, district courts have varied in their determinations regarding the amount of statutory damages. See Dermansky, 2020 WL 1233943, at *6 (awarding $1000 for use of a single photograph where the infringement was willful but there was no evidence of actual harm); Mantel, 2019 WL 5257571, at *3 (same and awarding $2500); Philpot, 2017 WL 9538900, at *9 (awarding $5000 for two instances of unauthorized reproduction where the infringement was willful but there was no evidence of actual harm). In this case, the Court finds an award of $2,500 appropriate and falls within the range of statutory damages awarded in similar cases. The defendant's apparent willfulness and the need to deter such conduct justifies an award greater than the minimum of $750, but a higher award is not warranted where there is no evidence of

9

actual losses or additional evidence of willfulness on the part of the defendant. See Dermansky, 2020 WL 1233943, at *6.

**B.**

The plaintiff also seeks $2,975 in attorney's fees and $440 in costs in connection with the defendant's default. ECF No. 21. Under 17 U.S.C. § 505, a court may award costs to any party (other than the United States), and a reasonable attorney's fee to a prevailing party in a copyright action. In determining whether to award attorney's fees, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively reasonable; and (4) compensation and deterrence. The third factor—objective reasonableness—should be given substantial weight." Bryant, 603 F.3d at 144) (internal citations omitted). In this case, an award of attorney's fees is warranted given the defendant's willful conduct and failure to offer any defense to the plaintiff's claims. See Reilly v. Plot Commerce, No. 15-cv-5118, 2016 WL 6837895, at *12 (S.D.N.Y. Oct. 31, 2016), report and recommendation adopted, (S.D.N.Y. Nov. 21, 2016), ECF No. 21.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

10

In support of his application for attorney's fees, the plaintiff's counsel submitted a statement of fees showing the date on which the services were performed, the hours expended, and a description of the services completed. See Liebowitz Decl. at 6. This statement is sufficient to substantiate the plaintiff's request for attorney's fees. See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir. 1994) (collecting cases). The plaintiff's counsel claims that he expended seven hours on this matter. See Liebowitz Decl. at 6. The Court finds the claimed hours reasonable and thus turns to the question of the requested rate.

The rate to be set for an attorney is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). The rate must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original and internal quotation marks omitted) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). A court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 184. In other words, a court is called upon to determine the "cheapest hourly

rate an effective attorney would have charged." O.R. v. N.Y.C. Dep't of Educ., 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (emphasis in original).

The plaintiff's counsel asserts that he is a partner in his firm and that his hourly rate is $425. Id. Courts in this district have approved associate rates of $350 and partner rates up to $500 in copyright cases. See Romanowicz v. Alister & Paine, Inc., No. 17-cv-8937, 2018 WL 4762980, at *7 (S.D.N.Y. Aug. 3, 2018) (collecting cases), report and recommendation adopted, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018). The plaintiff's counsel has also previously been awarded his requested rate in this District. See Bass, 2020 WL 2765093, at *6. Accordingly, the Court awards attorney's fees at a rate of $425 per hour for the plaintiff's counsel, for a total of $2975 for the seven hours expended on this matter.

The plaintiff also seeks costs in the total amount of $440 for the $400 court filing fee and the $40 fee for service upon the New York State Secretary of State. Liebowitz Decl. at 6. "Attorneys' fees may include reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." Reilly, 2016 WL 6837895, at *13 (internal quotation marks omitted). Thus, the plaintiff's request for an award of the specified costs is granted.

In sum, the plaintiff should be awarded $2,500 in statutory damages, $2,975 in attorney's fees, and $440 in in costs, for a total award of $5,915. The judgment will accrue postjudgment interest pursuant to 28 U.S.C. § 1961.

## CONCLUSION

For the reasons above, the plaintiff's motion for a default judgment is **granted**. The Court finds that the plaintiff is entitled to an award of $2,500 in statutory damages. In addition, the plaintiff is entitled to an award of $2,975 in attorney's fees and $440 in costs. The Clerk is directed to enter Judgment in favor of the plaintiff and against the defendant in the total amount of $5,915. The Clerk is also directed to close any pending motions and to close this case.

**SO ORDERED.**

**Dated:    New York, New York**
**July 15, 2020**                                  ____/s/ John G. Koeltl___
                                                                **John G. Koeltl**
                                                **United States District Judge**